IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DR. MICHAEL STEFANOV, | : | |
| | : | |
| Plaintiff | : | Case No. 3:12-CV-00472 |
| | : | |
| v. | : | (Judge Brann) |
| | : | |
| | : | |
| DANIELLE ROSS, | : | |
| LACKAWANNA COUNTY, | : | |
| JUDGE PATRICIA "TRISH" | : | |
| CORBETT, | : | |
| JUDGE CHESTER T. | : | |
| HARHUT, | : | |
| JUDGE THOMAS MUNLEY, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
July 15, 2013

This civil rights litigation, commenced on March 15, 2012 pursuant to 42 U.S.C. § 1983, arises from state court custody proceedings involving Plaintiff, his former spouse, and their minor child. Before the Court is Defendants Danielle Ross ("Ross"), the Honorable Patricia Corbett, the Honorable Chester T. Harhut, the Honorable Thomas J. Munley (collectively "Judges"), and Lackawanna County's ("the County") Motions to Dismiss. ECF Nos. 28, 32, 38.

I. **BACKGROUND**

Beginning in January 2008, Plaintiff and his former spouse became engaged in a protracted custody dispute in the Court of Common Pleas of Lackawanna County involving their minor child, N.S.[1] In August of that year, Defendant Danielle Ross was appointed by that court as guardian ad litem ("GAL") for Plaintiff's child. After two years' worth of proceedings, a final custody award was entered on July 15, 2010, granting Plaintiff's former spouse primary physical custody, while Plaintiff received partial physical custody and shared legal custody. That court order provides for the continued involvement of Defendant Ross – acting as guardian ad litem – to work out disputes between the parties, negotiate holidays and school breaks, and make recommendations to that court if an agreement cannot be reached. The final custody order has been modified at least twice since its issuance.

In this action, Plaintiff lodges various complaints about the GAL system, the way it was conducted by the Court of Common Pleas of Lackawanna County and its judges, and the actions of Defendant Ross in her role as guardian ad litem. As against Ross, Plaintiff alleges that she acted outside the scope of her duties as GAL

---

[1]The background facts are taken from the Amended Complaint. ECF No. 19.

by compelling him to turn over his medical records, interfering with his relationship with his former spouse, threatening to upset his custody award if he did not accept her recommendations, and billing him for services she did not perform.

Similarly, Lackawanna County is named in this action for its involvement with providing Ross with the resources to conduct herself as guardian ad litem and for implementing policies, practices and customs that violated Plaintiff's constitutional rights. Plaintiff claims the Judges are responsible for improperly appointing Ross, directing her unlawful behavior, and generally, implementing the GAL system which Plaintiff believes to be unconstitutional.

Plaintiff proceeds on the Amended Complaint and alleges violations of his Fourth and Fourteenth Amendment rights, including his right to be free from unreasonable searches, to familial relations, to not be deprived of liberty or property without due process of law, to privacy, and to the equal protection of the laws. Amd. Compl. ¶¶ 140, 142, 144, 146, 148, 150, 152. Plaintiff also alleges violations of Pennsylvania state law including when a guardian ad litem may be appointed and that his privacy rights were violated under Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania. Id. ¶¶ 150,152.

Declaratory and injunctive relief is sought, along with monetary damages.

Specifically, Plaintiff wishes the entire GAL system to be declared unlawful and unconstitutional; to have Ross's continued involvement in Plaintiff's life and the life of his child declared unlawful and unconstitutional; and to enjoin the continued implementation of that system by the Judges and Ross from further involvement in Plaintiff's life.

## II. DISCUSSION

### A. LEGAL STANDARDS

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), tests the legal sufficiency of a claim, (see <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989); <u>Petruska v. Gannon University</u>, 462 F.3d 294, 302 (3rd Cir. 2006)), and "streamlines litigation by dispensing with needless discovery and fact finding." <u>Neitzke</u>, 490 at 326-27. A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. See <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). Such a standard requires the court to engage in the following three step analysis to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine

whether they plausibly give rise to an entitlement for relief.

Connelly v. Steel Valley School Dist., 706 F.3d 209, 212 (3rd Cir. January 24, 2013) (quoting Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3rd Cir. 2011)).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 662. In considering a Rule 12(b)(6) motion, it must be taken into account that federal courts require only notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 WL 2756282, *3 (W.D. Pa. July 15, 2008) (Lancaster, J.)

Federal Rule of Civil Procedure 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds on which it rests," Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellman, 2008 WL 2756282 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a

particular legal theory. Twombly, 550 U.S at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 556 U.S. at 662 (citing Fed. R. Civ. P. 8(a)).

A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) where there is a "dispositive issue of law." Neitzke, 490 U.S. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327.

B.    MATERIAL OUTSIDE THE COMPLAINT

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court generally considers only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3rd Cir. 1993) (public records have included dispositions of criminal cases, decisions of government agencies, and published reports of administrative bodies); Fed. R. Civ. P. 12(d). The court may also, however, take judicial notice of certain facts, as well as undisputedly authentic documents if the complainant's claims are based upon these

documents. Id. (parties' purchase and sale agreement upon which complaint was based could be judicially noticed); and see Mayer v. Belichick, 605 F.3d 223, 230 (3rd Cir. 2010). A judicially noticed fact is one that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

In the matter at bar, all of the materials cited to by the parties in their respective motions to dismiss are included as exhibits to the Amended Complaint. Additionally, all such exhibits are either orders of the Court of Common Pleas of Lackawanna County or the service contracts between Defendant Ross and Defendant Lackawanna County. As matters of public record and materials upon which the Amended Complaint is based, these documents are the proper subject of judicial notice and the Court will so notice them.

C. YOUNGER ABSTENTION DOCTRINE

Defendants Lackawanna County and the Judges argue that the Court should refrain from exercising jurisdiction over this case based on the principles enunciated in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Defs['] Brfs., May 11, 2012, June 25, 2012, ECF Nos. 22, 32. Younger

established that federal courts should abstain from enjoining state criminal prosecutions – because of principles of comity and federalism – unless certain extraordinary circumstances exist. Younger, 401 U.S. at 49-54. This holding has been expanded in the fullness of time to apply to noncriminal judicial proceedings that implicate important state interests. Middlesex County Ethics Comm. v Garden State Bar Ass'n., 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). "A federal court will only consider Younger abstention when the requested equitable relief would constitute federal interference in state judicial or quasi-judicial proceedings." Marks v. Stinson, 19 F.3d 873, 883 (3rd Cir. 1994).

It is axiomatic that abstention from the exercise of federal jurisdiction is the exception, not the rule, as federal courts have a virtually unflagging obligation to exercise the jurisdiction given to them. Ankenbrandt v. Richards, 504 U.S. 689, 705, 112 S. Ct. 2206, 119 L.Ed.2d 468 (1992) (abstention was not appropriate in the absence of a pending state proceeding and where no assertion of important state interests were made). Abstention under the Younger doctrine is appropriate only if: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims. Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 248 (3rd Cir. 2008).

1. <u>Ongoing State Proceedings</u>

The first element of the abstention doctrine is at issue here: whether the custody proceedings conducted in the Court of Common Pleas of Lackawanna County, which resulted in an award of final custody in 2010, are ongoing. Plaintiff argues that they are not and could only be considered "ongoing" to the extent that someone, on some day before N.S.'s eighteenth birthday, may petition the court to modify the custody order. Pl. Brf. 23, July 19, 2012, ECF No. 38. Even so, Plaintiff argues, the instant federal litigation will not interfere with the state court proceedings and granting Plaintiff's relief would not affect the custody order already in place. <u>Id</u>. at 24.

Defendants respond that the custody action is necessarily ongoing as all such orders are temporary in nature and subject to modification at any time up until the child's eighteenth birthday. <u>See</u> Def. Brf., June 25, 2012, ECF No. 32. In support of their position, Defendants liken child custody proceedings to child support proceedings, which the Third Circuit has unequivocally held to be "ongoing" for <u>Younger</u> abstention purposes. <u>Id</u>. at 34.

In <u>Anthony v. Council</u>, 316 F.3d 412 (3rd Cir. 2003), the Court of Appeals considered whether abstention was warranted in a suit brought by parents subject to state child support orders who challenged the constitutionality of the contempt

9

hearings they were subject to for failure to pay their child support. Although no contempt proceedings were underway or scheduled, the Court held that the state proceedings were ongoing nonetheless, given the nature of such actions. Id. at 419-420. As such, the district court could not entertain plaintiffs' civil rights suit in federal court.

In particular, each plaintiff in <u>Anthony</u> was under an order to make child support payments for many years, which the state court was charged with monitoring, enforcing and modifying until the order was lifted. <u>Id</u>. This continual involvement of the state court throughout the life of the order would be undeniably interfered with were plaintiff's prospective injunctive relief to be granted. <u>Id</u>. Indeed, the fact that plaintiffs sought <u>prospective</u> relief from anticipated, future contempt hearings, spoke to the ongoing nature of the support proceedings themselves. <u>Id</u>. at 420. Judge Scirica, speaking for the Court of Appeals, characterized the state's treatment of support orders, for <u>Younger</u> purposes, as a "comprehensive and fluid system designed to address the ever-present and ever-changing realities of child support orders" which "must be viewed as a whole, rather than as individual, discreet hearings." <u>Id</u>. at 420-21.

It is the view of this Court that the same considerations apply with equal force to child custody proceedings. Both Plaintiff and his former spouse are

subject to the July 15, 2010 custody order which the Court of Common Pleas of Lackawanna County is charged with monitoring and enforcing. See 23 Pa. C.S.A. § 5422(a) (a court of the Commonwealth which has made a child custody determination has exclusive, continuing jurisdiction over the determination until neither the child nor the parents reside in the Commonwealth). Evidence of this ongoing involvement can be found in the order itself. The court-appointed guardian ad litem was to "remain involved in this matter to address any issues that may arise between the parties" and, in particular, negotiate physical custody between the parties during school holidays and over summer vacation. Amd. Compl., Ex. 20, ECF No. 19-6. Furthermore, if an agreement between the parties could not be reached, the guardian was to advise the state court of the disagreement and issue a recommendation in advance of that court's ruling. Id. Finally, the state court made clear that it retained jurisdiction of the action at the end of the order. Id.

It is reasonable to conclude that custody proceedings must also be viewed as a whole, rather than as individual, discreet hearings. The May 3, 2011 modification order addressing the Petition for Special Relief is further proof of this. Amd. Compl., Ex. 26, ECF No. 19-9. The order amended Plaintiff's physical custody award to include only supervised visitation and continued the hearing on

the Petition for Emergency Special Relief. Id. The absence of a current or scheduled custody hearing does not detract from the ongoing nature of these proceedings.

Addressing Plaintiff's request for prospective injunctive relief will undeniably interfere with the pending state proceedings. What Plaintiff seeks – to enjoin the continued use of the GAL system and the involvement of Defendant Ross in his child's life – would fundamentally alter the custody arrangement if such relief was granted. The use of a guardian ad litem is central to the pending custody order and Plaintiff offers no explanation as to how the custodial arrangement would continue, uninterrupted, without a guardian.

Consequently, the Court finds that the state custody proceedings from which the instant litigation arises, are ongoing for Younger purposes and involvement by this Court would undoubtedly interfere with these proceedings.

2. State Interests and the Opportunity to Raise a Federal Claim

The other two predicates of Younger are easily met here, and Plaintiff does not contest that they are. The state interests implicated by custody proceedings are overwhelmingly in favor of abstention. See Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979) (abstention was warranted where district court would become involved with child custody proceedings in state court), O'Neill v. City of

Philadelphia, 32 F.3d 785,792 (3rd Cir. 1994) (citing Moore for the proposition that states have a substantial interest in administering child custody proceedings), Powell v. Hoover, 956 F.Supp. 564, 569 (M.D. Pa. 1997) (McClure, J.) (custody proceedings implicate an important state interest sufficient to warrant abstention).

Furthermore, there is no indication that Plaintiff was prevented from raising his claims in the state proceedings. Indeed, it appears as though he was able to do so and did precisely that. Pl. Brf. July 19, 2012, ECF No. 38. Plaintiff's insistence that he is not required to exhaust his state remedies before pursuing this action is misplaced. The inquiry is not the extent to which Plaintiff raised all possible arguments in all available state proceedings, but only whether he had the opportunity to do so. The burden at that point rests with the Plaintiff to demonstrate that state procedural law barred presentation of its claims. Anthony, 316 F.3d at 422. Plaintiff has made no such showing here and the Court cannot discern any reason to conclude otherwise.

Consequently, in light of the fact that the underlying case has met all three predicates of the Younger abstention doctrine, the Court will abstain from entertaining jurisdiction over this matter. Because resolution of this issue disposes with the case entirely, the Court need not address the remaining arguments made by the Defendants.

## III. CONCLUSION

For the reasons discussed above, the Court will grant Defendant Judges and Lackawanna County's Motion to Dismiss the Amended Complaint and abstain from exercising jurisdiction over this case. Although Defendant Ross's Motion to Dismiss did not raise the abstention argument, the Court's resolution of that issue is applicable against all Defendants.

Accordingly, all claims and Defendants will be dismissed from this action without prejudice. An appropriate Order is will issue.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge